[No. 36952-4-II.   Division Two.   December 23, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD K. DRAXINGER, *Appellant*.

534

*Patricia A. Pethick*, for appellant.

*Gary P. Burleson, Prosecuting Attorney*, and *Rebecca L.J. Garcia, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — Richard K. Draxinger appeals the sentence imposed for his Mason County conviction of felony driving while under the influence (DUI). He contends that the trial court incorrectly calculated his offender score because it included four prior DUI convictions that had been used to raise his current DUI to a felony. He also contends that the offender scoring statute, RCW 9.94A-.525(2)(e), is ambiguous and, thus, under the rule of lenity, must be interpreted in his favor. We find no merit in either argument and affirm.[1]

## FACTS

¶2 The State charged Draxinger with two counts of felony DUI. The crimes were felonies because he had at least four prior DUI-related offenses within 10 years. RCW 46.61.5055(4), (13). He pleaded guilty to one count in return for dismissal of the other. At sentencing, the State asserted that his offender score was six, based on six prior DUI convictions that occurred between 1998 and 2005.[2] Draxinger objected to inclusion of the four convictions used to raise his current crime to a felony, arguing that his offender score should be two. The trial court adopted the State's calculation, imposing a sentence of 47.5 months in prison.[3]

## DISCUSSION

¶3 Draxinger first contends that the four prior convictions became elements of the current crime and could not be counted in his offender score. The first premise is correct. *See State v. Oster*, 147 Wn.2d 141, 146, 52 P.3d 26 (2002). The second is not.

---

[1] A commissioner of this court reviewed the matter pursuant to RAP 18.14 and referred it to a panel of judges.

[2] Draxinger received one DUI conviction on December 3, 1998, three DUI convictions on January 26, 2000, one DUI conviction on November 1, 2005, and one DUI conviction on December 6, 2005.

[3] This was the midpoint of the standard range of 41 to 54 months.

■ ¶4 There is no per se prohibition against imposing additional punishment for behavior that constitutes an element of the crime being sentenced. *See State v. Moreno*, 132 Wn. App. 663, 671, 132 P.3d 1137 (2006) (legislature may impose additional punishment for a crime used to elevate another crime to a felony); *State v. Caldwell*, 47 Wn. App. 317, 320, 734 P.2d 542 (deadly weapon enhancement could be imposed on conviction of first degree burglary even though possession of a deadly weapon was an element of that crime), *review denied*, 108 Wn.2d 1018 (1987).

■■ ¶5 " 'Fixing of penalties or punishments for criminal offenses is a legislative function, and the power of the legislature in that respect is plenary and subject only to constitutional provisions against excessive fines and cruel and inhuman punishment.' " *State v. Thorne*, 129 Wn.2d 736, 767, 921 P.2d 514 (1996) (quoting *State v. Mulcare*, 189 Wash. 625, 628, 66 P.2d 360 (1937)). Draxinger makes no claim that his sentence is cruel or unusual, and he could not sustain such a claim if he made it. Only punishment that is grossly disproportionate to the gravity of the offense violates constitutional protections against cruel and unusual punishment. *State v. Farmer*, 116 Wn.2d 414, 433, 805 P.2d 200, 812 P.2d 858 (1991). Punishment is grossly disproportionate only if it is "clearly arbitrary and shocking to the sense of justice." *State v. Smith*, 93 Wn.2d 329, 344-45, 610 P.2d 869, *cert. denied*, 449 U.S. 873 (1980). Draxinger's sentence was not arbitrary, as it was based on statutory requirements and it was justified by his repeated criminal misconduct. *See Wahleithner v. Thompson*, 134 Wn. App. 931, 940, 143 P.3d 321 (2006) (consecutive misdemeanor sentences totaling 44 months not grossly disproportionate).

■ ■ ¶6 Draxinger also contends that RCW 9.94A-.525(2)(e) does not clearly authorize the double use of his prior DUI convictions, and he invokes the rule of lenity. The statute provides:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence

of intoxicating liquor or any drug (RCW 46.61.504(6)), prior convictions of felony driving while under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offenses[4] shall be included in the offender score if: (i) the prior convictions were committed within five years since the last date of release from confinement (including full-time residential treatment) or entry of judgment and sentence; or (ii) the prior convictions would be considered "prior offenses within ten years" as defined in RCW 46.61.5055.

RCW 9.94A.525(2)(e).

¶7 Draxinger appears to acknowledge that the statutory language itself is unambiguous but argues that subsections (i) and (ii) are inconsistent. He points to the fact that his 1998 and 2000 convictions wash out under RCW 9.94A.525(2)(e)(i) but not under RCW 9.94A.525(2)(e)(ii).[5] He argues that subsection (ii) thus makes subsection (i) "superfluous."

¶8 A statute that is inconsistent with its own terms is ambiguous. *State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996). Where there is an apparent inconsistency, the statute must be read to maintain the integrity of each provision, if possible. *Anderson v. Dep't of Corr.*, 159 Wn.2d 849, 861, 154 P.3d 220 (2007). Here, there simply is no inconsistency. Subsection (ii) applies only if the defendant has committed at least four DUI-related offenses in 10 years. If he has fewer than four such offenses, subsection (i) applies, requiring that there be five years or less between release on one and commission of the next. Both provisions

---

[4] Former RCW 9.94A.030(40)(a) (2006) defines "serious traffic offense" as "[n]onfelony driving while under the influence."

[5] Contrary to Draxinger's contention, his crimes would not wash out under subsection (i). While there were more than five years between the three convictions entered on January 26, 2000, and the convictions entered in November and December 2005, one of the latter crimes was committed in March 2003.

are given effect. It is Draxinger's interpretation that would render one provision, subsection (ii), superfluous.

¶9  The judgment and sentence is affirmed.

VAN DEREN, C.J., and HOUGHTON, J., concur.

Review denied at 166 Wn.2d 1013 (2009).