[No. 63627-8-I. Division One. June 28, 2010.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT LEWIS CASTLE, *Respondent*.

*Daniel T. Satterberg, Prosecuting Attorney,* and *James M. Whisman* and *Amy J. Freedheim, Deputies,* for petitioner.

*Scott C. Ketterling, Jana L. Heyd,* and *James W. Conroy* (of *Society of Counsel Representing Accused Persons*), for respondent.

¶1 DWYER, C.J. — This case requires us to interpret the meaning of RCW 46.61.502, which makes the offense of driving while under the influence of intoxicating liquor or any drug a felony if the driver has four or more prior DUI-related offenses. Because three of Castle's four prior DUI-related offenses had not been reduced to conviction at the time of the driving event giving rise to the current charge, the trial court dismissed the felony count with which he was charged.[1] By the plain language of the statute, the driver must already have four prior DUI-related convictions at the time of the driving event giving rise to the current charge in order to have committed a felony offense. Accordingly, we affirm.

## I

¶2 We must determine under what circumstances a prior DUI-related offense qualifies an offender for felony prosecution. Pursuant to RCW 46.61.502,

> (1) A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:
>
> (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

---

[1] A commissioner of this court granted the State's petition for discretionary review of the trial court's decision.

(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or

(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.

(2) The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state shall not constitute a defense against a charge of violating this section.

(3) It is an affirmative defense to a violation of subsection (1)(a) of this section which the defendant must prove by a preponderance of the evidence that the defendant consumed a sufficient quantity of alcohol after the time of driving and before the administration of an analysis of the person's breath or blood to cause the defendant's alcohol concentration to be 0.08 or more within two hours after driving. The court shall not admit evidence of this defense unless the defendant notifies the prosecution prior to the omnibus or pretrial hearing in the case of the defendant's intent to assert the affirmative defense.

(4) Analyses of blood or breath samples obtained more than two hours after the alleged driving may be used as evidence that within two hours of the alleged driving, a person had an alcohol concentration of 0.08 or more in violation of subsection (1)(a) of this section, and in any case in which the analysis shows an alcohol concentration above 0.00 may be used as evidence that a person was under the influence of or affected by intoxicating liquor or any drug in violation of subsection (1)(b) or (c) of this section.

(5) Except as provided in subsection (6) of this section, a violation of this section is a gross misdemeanor.

(6) It is a class C felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if: (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055; or (b) the person has ever previously been convicted of (i) vehicular homicide while under the influence of intoxicating liquor or any drug, RCW 46.61.520(1)(a), (ii) vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b), or (iii) an out-of-state offense comparable to the offense specified in (b)(i) or (ii) of this subsection.

¶3 To summarize, a person is guilty of a gross misdemeanor offense when that person drives a vehicle within the state of Washington while under the influence of intoxicants. By a plain reading of the statute, RCW 46.61.502 subsection (6) adds an additional element to the list of elements stated in subsection (1) to define the offense of felony driving under the influence. In defining the offense of "driving under the influence," subsection (1) repeatedly references "the person." The legislature's reference to "the person" continues in defining the felony offense in subsection (6), i.e., *The person* has four or more prior offenses." RCW 46.61.502(6) (emphasis added).

¶4 The temporal relationship expressed within RCW 46.61.502 is that all of the enumerated elements must be met either *when "the person" is driving* or within two hours thereof. Thus, the felony offense is committed when the person (1) drives a vehicle within this state, (2) is under the influence of intoxicants, and (3) has four or more qualifying prior offenses or has previously been convicted of vehicular homicide or vehicular assault. Each of these elements must be satisfied at the time "the person" is driving in order for the offender to be subject to the felony enhancement.

¶5 To determine whether the last element is met, an articulation of that which qualifies as a prior offense is necessary. As set forth in RCW 46.61.502(6), RCW 46.61-.5055 defines a "prior offense":

A "prior offense" means any of the following:

(i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;

(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance;

(iii) A conviction for a violation of RCW 46.61.520 committed while under the influence of intoxicating liquor or any drug;

(iv) A conviction for a violation of RCW 46.61.522 committed while under the influence of intoxicating liquor or any drug;

(v) A conviction for a violation of RCW 46.61.5249, 46.61.500, or 9A.36.050 or an equivalent local ordinance, if the conviction

is the result of a charge that was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522;

(vi) An out-of-state conviction for a violation that would have been a violation of (a)(i), (ii), (iii), (iv), or (v) of this subsection if committed in this state;

(vii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance; or

(viii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.5249, or an equivalent local ordinance, if the charge under which the deferred prosecution was granted was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522.

RCW 46.61.5055(14)(a). Thus, by the unambiguous terms of the controlling subsection of the statute, prior offenses are defined as *convictions*. Therefore, the offender must have four or more prior DUI-related convictions at the time "the person" is driving under the influence of intoxicants for the elements of the felony charge to be met.

¶6 However, not all prior convictions elevate a DUI crime to felony status. When a prior conviction is too remote, our legislature has precluded such a prior conviction from operating to elevate the offense. A prior conviction is too remote when it is more than ten years old. RCW 46.61.502(6). Our legislature has more specifically defined the ten year period: " 'Within ten years' means that the arrest for a prior offense occurred within ten years of the arrest for the current offense." RCW 46.61.5055(14)(c).

¶7 Therefore, to have committed the crime of felony driving under the influence, the defendant, *while driving* a vehicle in this state, must have been under the influence of intoxicants and must have had four prior convictions that occurred not more than ten years previously,[2] meaning that

---

[2] Or must have had a previous conviction for vehicular homicide or vehicular assault.

the criminal act that gave rise to the prior conviction could not have occurred more than ten years before the date of the driving at issue in the current offense.

¶8 The State argues that the element requiring the defendant to have four prior convictions is an element that can ripen after the offense occurred but prior to charging. The statute allows no such ripening. We will not look beyond the plain language of the statute to consider extraneous matters where there is no ambiguity presented by the words used by the legislature. The legislature is often criticized for being imprecise in its choice of language. But this statute is clear.[3]

II

¶9 On December 29, 2007, Robert Castle was involved in a collision, drove his truck away from the scene, and was arrested shortly thereafter. A responding officer described him as "extremely intoxicated" at the time of arrest. In 1998, Castle had been convicted of a DUI-related offense. At the time of his December 2007 arrest, Castle also had three pending DUI prosecutions based on arrests in September 2006, January 2007, and February 2007. These three pending DUI matters had not yet been reduced to final judgment prior to the December 2007 incident; but after Castle's arrest in December 2007, convictions were subsequently entered for each of them. Only then did the State charge Castle in the current matter, including one count of felony DUI.

¶10 Castle filed a pretrial motion seeking to dismiss the felony DUI charge, arguing that a felony DUI is committed only when the offender had "prior offenses" that had been reduced to judgment at the time of arrest for the current DUI, rather than at the time of charging. The trial court agreed with Castle and dismissed the felony DUI charge,

---

[3] Evidence of such clarity is that this published appellate decision cites to not a single case.

finding that Castle had not been convicted of at least four prior offenses at the time of his arrest. On the State's oral motion, the trial court certified this case for immediate review under RAP 2.3(b)(4). A commissioner of this court granted discretionary review.

## III

 ¶11 Castle did not have four prior qualifying convictions at the time he is charged to have driven under the influence on December 29, 2007. Therefore, the trial court properly dismissed the felony DUI charge brought against him.

¶12 Affirmed.

GROSSE and APPELWICK, JJ., concur.