# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68413-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KENNETH SANDHOLM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: February 18, 2014 |

SPEARMAN, A.C.J. — Kenneth Sandholm was convicted of felony driving under the influence. He appeals, contending that (1) evidence of his prior crimes was improperly admitted at trial; (2) he was denied the right to a unanimous verdict; (3) his offender score was miscalculated; and (4) the combined term of incarceration and community custody imposed by the trial court exceeds the statutory maximum sentence. We affirm the conviction, but remand for resentencing.

## FACTS

On October 29, 2009, State Trooper Christopher Poague stopped Sandholm after observing several lane violations. The trooper observed that Sandholm had watery, bloodshot eyes and smelled of alcohol. The trooper also noticed that Sandholm's speech pattern was slow and his face flushed. When the trooper asked Sandholm for his license, insurance, and registration, Sandholm put a breath mint into his mouth. The trooper asked Sandholm to step out of his

vehicle and to spit out the mint. Sandholm complied, at which point the trooper detected the odor of intoxicants and observed Sandholm's lack of coordination.

Suspecting that Sandholm was under the influence of intoxicants, the trooper attempted to administer field sobriety tests; Sandholm declined several of the tests but agreed to do the horizontal gaze nystagmus (HGN) test. Based on the results of the HGN test, the trooper concluded that Sandholm had consumed intoxicants and was impaired. Sandholm was consequently arrested. Following his arrest, Sandholm agreed to submit to a breath test. The breath samples, taken approximately two hours after the trooper first observed Sandholm's driving, provided results of 0.079 and 0.080.

The State charged Sandholm under former RCW 46.61.502 (2008) with driving while "under the influence of or affected by intoxicating liquor or any drug; and while under the combined influence of or affected by intoxicating liquor and any drug; having at least four prior offenses, as defined under [former] RCW 46.61.5055(14)(a) [2008][1] within ten years of the arrest for the current offense;"

---

[1] Former RCW 46.61.5055(14)(2008) provides in relevant part:

(14) For purposes of this section and RCW 46.61.502 and 46.61.504:
(a) A "prior offense" means any of the following:
(i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;
(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance;
(iii) A conviction for a violation of RCW 46.61.520 committed while under the influence of intoxicating liquor or any drug;
(iv) A conviction for a violation of RCW 46.61.522 committed while under the influence of intoxicating liquor or any drug;
(v) A conviction for a violation of RCW 46.61.5249, 46.61.500, or 9A.36.050 or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 or

2

(hereinafter, "qualifying prior offenses"). CP at 329. Subsection (5) of the statute provided that the offense of driving while under the influence (DUI) is punishable as a gross misdemeanor, "[e]xcept as provided in subsection (6) . . . . " That subsection provided that the offense is punishable as a class C felony under chapter 9.94A RCW if, among other things, the defendant has four or more qualifying prior offenses.

At trial, Sandholm stipulated that he had four qualifying prior offenses. He moved to bifurcate the proceedings such that the jury would determine whether he was guilty of DUI and, if so, the court would consider the stipulation to determine whether his prior offenses elevated the crime from a gross misdemeanor to a felony. The judge denied this motion, concluding that the existence of the prior convictions was an element of the offense that must be proven to the jury. To minimize the prejudicial effect of the evidence, however, the court gave "bifurcated instructions" directing the jurors to first decide whether the State had proven DUI and, only upon such a finding, to consider by special verdict whether the stipulation proved the prior crimes element. Verbatim Report

---

46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522;
    (vi) An out-of-state conviction for a violation that would have been a violation of (a)(i), (ii), (iii), (iv), or (v) of this subsection if committed in this state;
    (vii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance; or
    (viii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.5249, or an equivalent local ordinance, if the charge under which the deferred prosecution was granted was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522.

3

of Proceedings (VRP) (1/30/12) at 22-24. The trial court also gave a limiting instruction to preclude misuse of the evidence by the jurors[2] and prohibited counsel from using the term "felony DUI." VRP (1/23/12) at 12-19. At the close of the State's case, the trial court read the jury the following stipulation:

> At the time of the arrest in this case, the defendant, KENNETH SANDHOLM, had been previously convicted of four or more prior offenses within ten years as defined by RCW 46.61.5055(14).

CP at 1332. The jury found Sandholm guilty of driving while under the influence while having four or more qualifying offenses.

At sentencing, the court calculated an offender score of eight, resulting in a standard range of sixty months, the statutory maximum for the offense. The court imposed sixty months of confinement and twelve months of community custody. On the judgment and sentence, which was entered on March 2, 2012, the court included the notation, "[t]he term of community custody shall be reduced by the Department of Corrections if necessary so that the total amount of incarceration and community custody does not exceed the maximum term of sentence for any offense. . . ." CP at 1664. The court also interlineated, "60 months maximum." CP at 1664.

Sandholm appeals.

---

[2] The trial court gave the following limiting instruction:

> For purposes of determining whether defendant is guilty of the crime of Driving While Under the Influence, you are not to consider any stipulations concerning the existence of prior offenses. The existence of prior offenses is not evidence or proof of Driving Under the Influence.

CP at 1437.

## DISCUSSION

Sandholm contends that the trial court denied him a fair trial by admitting evidence of his stipulation to four or more of the requisite prior offenses. He also contends that the instructions to the jury denied him the right to a unanimous verdict. Finally, he challenges the sentence imposed, asserting that the trial court erred in calculating his offender score and sentenced him to a combined term of incarceration and community custody which exceeds the statutory maximum. We affirm the conviction, but remand for resentencing.

### Admission of Prior Offenses.

Sandholm first contends the admission of evidence of his prior convictions was prejudicial error. He argues the trial court wrongly concluded that whether he had four or more qualifying prior offenses was an essential element of the crime of felony DUI to be proved to the jury. He contends the existence of his prior offenses merely increases the potential sanction upon conviction of DUI, but is not an element of the crime itself. Therefore, he argues, the determination of the existence of his criminal history is for the judge, not the jury. He further argues that the admission of evidence of his prior offenses was error because it was irrelevant to whether he committed the charged crime and prejudicial to his right to a fair trial. We disagree.

Because the legislature defines the elements of a crime, we look to the statute to determine the elements the State must prove to sustain a conviction. State v. Williams, 162 Wn.2d 177, 183, 170 P.3d 30 (2007). We review issues of

statutory interpretation de novo. Okeson v. City of Seattle, 150 Wn.2d 540, 548-49, 78 P.3d 1279 (2003).

Former RCW 46.61.502(5) provides that the crime of DUI is a gross misdemeanor, "[e]xcept as provided in subsection (6) . . . ." That subsection provides that the crime is a felony if "[t]he person has four or more prior offenses within ten years as defined in RCW 46.61.5055 . . . ." Former RCW 46.61.502(6)(a).

In State v. Roswell, 165 Wn.2d 186, 196 P.3d 705 (2008), our Supreme Court considered nearly identical statutory language and concluded that where the existence of prior offenses elevates a crime from a misdemeanor to a felony, the prior offenses are an essential element of the crime that the State must prove beyond a reasonable doubt. Id. at 192. In that case, Roswell was charged with, among other things, communicating with a minor for immoral purposes under RCW 9.68A.090(1) which provides that a person who commits the crime is guilty of a gross misdemeanor, except that if the person has been previously convicted of a felony sex offense, it is punishable as a class C felony.[3] The State alleged Roswell had two prior felony sex offense convictions.

---

[3] RCW 9.68A.090 provides in relevant part:

(1) Except as provided in subsection (2) of this section, a person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor.

(2) A person who communicates with a minor for immoral purposes is guilty of a class C felony punishable according to chapter 9A.20 RCW if the person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state . . . .

At trial, Roswell requested that he be allowed to stipulate to the existence of the prior sexaul offense convictions. He argued that the prior convictions were an aggravating factor and he offered to waive his right to a jury trial on that issue in order to prevent the jury from being informed of the prior convictions. He also argued that even if the prior convictions were an element of the crime, he was entitled to waive a jury trial as to that element. The State contended that the existence of the prior convictions was an element of the crime that had to be proved to a jury beyond a reasonable doubt. The trial court agreed with the State and included as an element of the crime in the "to-convict" jury instruction whether Roswell had been previously convicted of a felony sexual offense. The jury found Roswell guilty as charged.

On appeal, the court discussed the distinction between a prior conviction as an aggravating factor as opposed to an element of a crime:

> Unlike an aggravator, which elevates the maximum punishment that may be imposed for a crime, an element is an essential component of the underlying offense. For example, here, if Roswell had had no prior felony sex offense convictions, he could not have been charged or convicted of *felony* communication with a minor for immoral purposes. If all other elements had been proved he could have been convicted of only a misdemeanor. See RCW 9.68A.090(1). Despite the similarities between an aggravating factor and a prior conviction element, under RCW 9.68A.090(2), a prior sexual offense conviction is an essential element that must be proved beyond a reasonable doubt. The prior conviction is not used to merely increase the sentence beyond the standard range but actually alters the crime that may be charged.

Id. at 192. This observation is equally applicable to the present case. The language used by the legislature in elevating both crimes to felonies is nearly identical and in both cases the prior conviction does not simply increase the

potential sentence upon conviction but actually alters the crime that may be charged from a gross misdemeanor to a felony.

Sandholm disagrees with the reasoning in Roswell. He argues that the case is an anomaly which ignores controlling precedent. He is mistaken. Our cases have uniformly held that a prior conviction is an essential element of the crime where, under the statute, the prior conviction elevates the offense from misdemeanor to felony. See, e.g., State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002)(explaining that, where the existence of two prior convictions elevated the crime of violation of a no contact order from a misdemeanor to a felony, that, "[a]s set forth in the statute, the prior convictions function as an element of the felony violation of a no contact order."); State v. Cochrane, 160 Wn. App. 18, 25, 253 P.3d 95 (2011)(holding that the existence of four prior DUI offenses within ten years is an essential element of felony DUI that must be alleged in the charging document); State v. Chambers, 157 Wn. App. 465, 475, 237 P.3d 352 (2010), ("[p]roof of the existence of the prior offenses that elevate a crime from a misdemeanor to a felony is an essential element that the State must establish beyond a reasonable doubt"); State v. Castle, 156 Wn. App. 539, 543, 234 P.3d 260 (2010) ("[b]y a plain reading of the statute, RCW 46.61.502 subsection (6) adds an element to the list of elements stated in subsection (1) to define the offense of felony driving under the influence"); State v. Davis, 116 Wn. App. 81, 93-94, 64 P.3d 661 (2003) (holding that where statute requires proof of a prior conviction in order to elevate the underlying crime from a misdemeanor to a

felony, the prior convictions are elements of the crime that must be proved to a jury beyond a reasonable doubt); State v. Carmen, 118 Wn. App. 655, 667, 77 P.3d 368 (2003) (acknowledging that, where statute provides that upon proof of two prior convictions for violating a no contact order, a third or subsequent offense elevates the crime from a gross misdemeanor to a felony, the prior convictions are an essential element of the crime).

In his attempt to distinguish this authority, Sandholm relies principally on State v. Williams, 162 Wn.2d 177, 170 P.3d 30 (2007) and Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to argue that the penalty classification of an offense is not an element of the offense. Williams is distinguishable. In that case, the defendant was charged with bail jumping. The bail jumping statute, RCW 9A.76.170, contains three sections. The first sets out the elements of the crime. The second establishes an affirmative defense to the crime. And the third determines the classification of the crime by degree of felony or as a misdemeanor.[4] After the jury convicted Williams of bail jumping, he argued on appeal that the "to-convict" instruction was erroneous because it omitted as an element of the offense, the classification of the

---

[4] RCW 9A.76.170(3) provides:

(3) Bail jumping is:
(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;
(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;
(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;
(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.

underlying crime. The court disagreed and held that because the classification of the underlying crime is a legal question, it is outside of the jury's domain, and therefore, not an element of the charged crime. Id., at 187. By contrast, here, the question of whether Sandholm had at least four prior convictions within ten years was an issue of fact to be decided by the jury.

Sandholm's reliance on Almendarez-Torres is also misplaced. In that case the defendant pleaded guilty to returning to the United States after being deported. The statute under which he was charged provided that a person who committed the crime is guilty of a felony punishable by not more than two years imprisonment and a fine. Id. at 229, 233 (citing 8 U.S.C. § 1326 (1988 ed.)). The statute further provided that if the deportation was subsequent to a conviction for a felony, the maximum penalty increased to ten years and, if subsequent to an aggravated felony, to twenty years. The defendant admitted during the plea hearing that his deportation had been pursuant to three earlier convictions for aggravated felonies.

At sentencing, the defendant pointed out that an indictment must set forth all the elements of a crime and, in his case, the indictment made no mention of his prior aggravated felony convictions. He argued that consequently, the court could not sentence him to more than two years, the maximum sentence for an offender without a prior aggravated felony conviction. The trial court rejected this argument and imposed a sentence of 85 months.

On appeal, the United States Supreme Court affirmed the sentence. The Court looked to the language of the statute to determine whether Congress, when it increased the maximum punishments for defendants with the requisite prior convictions, intended to define separate crimes or merely establish a sentencing factor allowing the judge to increase punishment. It concluded that a close reading of the statute's language disclosed that Congress intended to establish a sentencing factor. Id., at 229-33.

But the language of the statute in this case bears little resemblance to that considered in Almendarez-Torres. Indeed, our courts have considered the language of former RCW 46.61.502(6) and nearly identical language in other statutes many times, each time concluding that the prior conviction is an essential element of the crime. Oster, 147 Wn.2d at 145-46; Cochrane, 160 Wn. App. at 25; Chambers, 157 Wn. App. at 475. Moreover, Almendarez-Torres, does not address the circumstances presented here, where the prior conviction actually changes the classification of the crime from a gross misdemeanor to a felony. Thus, not only does the statute increase the possible sanction for the crime, it expressly directs that the sanction be determined under a completely different statutory scheme, the Sentencing Reform Act, chapter 9.94A RCW. This supports the conclusion that the legislature intended to create a different crime by adding the element of qualifying prior offenses.

We conclude that Sandholm's stipulation to his prior convictions was relevant to an essential element of the crime of felony DUI. See Roswell, 165

11

Wn.2d at 198, ("[i]f a prior conviction is an element of the crime charged, evidence of its existence will never be irrelevant.").

We also reject Sandholm's claims that evidence of his prior convictions was unfairly prejudicial. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. State v. Acosta, 123 Wn. App. 424, 434, 98 P.3d 504 (2004); ER 403. We find no such unfair prejudice in this case. Sandholm's stipulation did not tell the jury that his "four or more prior offenses" were DUIs, only that they were qualifying offenses under the relevant statute. CP at 1332. Moreover, the trial court took several steps to reduce any unnecessary prejudice to Sandholm. It gave a limiting instruction and bifurcated the jury instructions so that the jury considered whether the prior convictions were proven only after, and if, it found the State had proven the other elements of the crime. See Roswell, 165 Wn.2d at 198. The trial court also ruled that the parties must refrain from using the word "felony" to identify Sandholm's current offense.

The admission of the prior conviction evidence was proper and the trial court took sufficient steps to mitigate any unnecessary prejudice. There was no error.

## Unanimous Verdict

Next, Sandholm claims that the "to-convict" jury instruction in this case violated his right to a unanimous verdict. We review questions of law and the

adequacy of a "to convict" jury instruction de novo. Chambers, 157 Wn. App. at 474, (citing State v. DeRyke, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003)).

Washington law recognizes a right to express jury unanimity as to the means by which a defendant is found to have committed a crime. State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). In this case, the jury was instructed to convict Sandholm if it found that he had been driving either (1) while under the influence of or while affected by intoxicating liquor (the "alcohol only" alternative), or (2) while under the combined influence of or while affected by intoxicating liquor and any drug (the "combined influence" alternative). CP at 329. The jury was not instructed that it must unanimously agree as to the alternative means. Indeed the court affirmatively instructed the members of the jury that they need not unanimously agree. Thus, Sandholm correctly asserts that the to-convict instruction misstates the law regarding unanimity.

But, error in the "to convict" instruction is subject to a harmless error analysis. DeRyke, 149 Wn. 2d at 906; State v. Rivas, 97 Wn. App. 349, 352, 984 P.2d 432 (1999), disapproved on other grounds by State v. Smith, 159 Wn.2d 778, 154 P.3d 873 (2007). Rivas is instructive. There, the defendant was charged with assault in the second degree. Because "assault" is not defined by the criminal code, courts use the common law to define the crime. Under the common law there are three means of committing assault and the trial court instructed the jury on all three: (1) battery; (2) attempted battery; and (3) assault. Id. at 352-53. We agreed with Rivas that no evidence was offered at trial to

support the first and second alternative means of committing assault. However, based on the charging document and the trial record, we determined that the jury verdict was based entirely on the third means of committing assault, of which there was substantial evidence in the record. Id. at 354-55. We affirmed the conviction, finding that "there was no danger that the jury's verdict rested on an unsupported alternative means . . . ." Id. at 355.

Although in this case, unlike in Rivas, the unsupported alternative was included in the charging document, the trial record shows that the State focused on proving only the "alcohol only" alternative at trial. The prosecution's examination of witnesses during its case in chief developed facts related to Sandholm's alcohol consumption and alcohol-related impairment. And in closing argument, the prosecutor only mentioned the combined effect alternative when she read the court's instructions to the jury.

We conclude that the record amply demonstrates that the State's case against Sandholm and the jury's verdict rested solely on proof of the "alcohol only" alternative. Because Sandholm concedes that this alternative was supported by sufficient evidence, we find any error in the "to-convict" instruction harmless.

## Offender Score

Sandholm next claims that his offender score was miscalculated. A sentencing court's offender score calculation is reviewed *de novo*. State v. Wilson, 113 Wn. App. 122, 136, 52 P.3d 545 (2002).

Sandholm argues that the sentencing court incorrectly calculated the offender score applicable to his felony DUI conviction. He maintains that his four most recent DUI convictions (from 2000, 2005, 2007 and 2008) are the only offenses that should have counted toward his offender score. This approach would have yielded a score of four. The State contends that the sentencing court properly included two additional prior DUI convictions (from 1998 and 1999) and two felony drug convictions (from 1998 and 2000), resulting in an offender score of eight.

Former RCW 9.94A.525 (2008) prescribes the mode for calculating Sandholm's offender score in this case. Subsection 2(e) of that statute states:

> (e) **If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6))** or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)), **prior convictions** of **felony driving while under the influence** of intoxicating liquor or any drug, **felony physical control of a vehicle** while under the influence of intoxicating liquor or any drug, **and serious traffic offenses shall be included in the offender score if: (i)** The prior convictions were **committed within five years** since the last date of release from confinement (including full-time residential treatment) or entry of judgment and sentence; **or (ii)** the prior convictions would be **considered "prior offenses within ten years"** as defined in RCW 46.61.5055.

(Emphasis added.)

### a. 1998 and 2000 Drug Convictions

Relying on State v. Morales, 168 Wn. App. 489, 493, 278 P.3d 68 (2012), Sandholm argues that only those prior convictions listed in subsection (2)(e) are properly counted toward a felony DUI offender score. Thus, he contends that the

two drug convictions were improperly included in calculating his offender score. The State agrees that under Morales, Sandholm's drug convictions do not count under subsection (2)(e). But it argues that Morales does not preclude counting those prior convictions under subsection (2)(c).[5] We agree with Sandholm.

In Morales, the sentencing court concluded that the defendant's fourth degree assault conviction could be used to determine whether one of the defendant's prior convictions occurred within five years of release from confinement or entry of judgment and sentence under subsection 2(e)(i). As a result, the sentencing court included that prior conviction, and consequently several others, in the defendant's offender score. We reversed on appeal, holding that the plain language of subsection (2)(e) made clear that the only prior convictions "that shall be included in the calculation of the offender score [for a felony DUI conviction] are limited to these: 'felony driving while under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offense . . . .'" Morales, 168 Wn. App. at 493. We explicitly rejected the conclusion reached by the trial court because, in calculating the defendant's offender score for felony DUI, the "only relevant prior offenses" are those listed in

_____

[5] Former RCW 9.94A.525(2)(c) (2008) provides:

> (c) Except as provided in (e) of this subsection, class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

subsection (2)(e). Id., at 497. Accordingly, we reversed and remanded for resentencing.

For the same reasons, we reject the State's position in this case. By its express terms, subsection (2)(c), defers to subsection (2)(e) to calculate the offender score for felony DUI. And subsection (2)(e) lists the only prior convictions relevant to the calculation of the offender score for felony DUI, which does not include drug convictions.

The State argues, without citation to any authority, that "subsection (2)(e) does not trump subsection (2)(c) — it merely presents an exception designed to increase the punishment for DUI recidivists." Brief of Respondent at 20. The argument is untenable for several reasons. First, as discussed above, the argument is inconsistent with the statutory language. The State does not explain how or why we should ignore the explicit direction in subsection (2)(c) to calculate the offender score for felony DUI "as provided in (e) of this subsection." Former RCW 9.94A.525(2)(c) (2008). Second, the argument is in direct contradiction to our reasoning in Morales.[6] Third, the State's argument would render subsection (2)(e)(i) superfluous. Under a scenario like that in Morales, for example, where the defendant's prior conviction for assault washed out under subsection (2)(e)(i), under the State's argument it could be revived by analysis under subsection (2)(c), rendering subsection (2)(e)(i) meaningless.

---

[6] See also, State v. Jacob, 176 Wn. App. 351, 356-60, 308 P.3d 800 (2013) (concurring with Morales that only the prior convictions specified in subsection (2)(e) count towards the offender score of a defendant convicted of felony DUI.)

We conclude that the trial court erred below when it included Sandholm's drug convictions in calculating his offender score.[7]

### b. 1998 and 1999 DUI Convictions

Sandholm also contends that 1998 and 1999 DUI convictions were improperly counted toward his offender score. He asserts that these convictions had washed out under former RCW 9.94A.525(2)(e)(ii) (2008) because they are more than ten years old.

Sandholm argues that Washington courts apply either RCW 9.94A.525(2)(e)(i) or (2)(e)(ii), but not both, in calculating felony DUI offender scores. In other words, he contends that because he has four prior DUI-related offenses within ten years, only subsection (ii) applies and only those offenses would count towards his offender score. But subsection (i), which would include his 1998 and 1999 DUIs because they were committed within five years of his 2000 DUI, does not. In support, he cites State v. Draxinger, 148 Wn. App. 533, 200 P.3d 251 (2008), a decision of Division Two of this court. In Draxinger, the court held that:

> Subsection (ii) applies only if the defendant has committed at least four DUI-related offenses in 10 years. If he has fewer than four such offenses, subsection (i) applies, requiring that there be five years or less between release on one and commission of the next.

---

[7] We reject the State's argument that the legislature's amendment of the statute, subsequent to Morales, to include in the offender score "[a]ll other convictions of the defendant" is a clarification of the legislative intent under the prior language to which we should give effect. See RCW 9.94A.825(e) (2010). Even assuming the amendment to be a clarification, it cannot be applied retrospectively when it contravenes a construction placed on the original statute by the judiciary. State v. Dunaway, 109 Wn.2d 207, 216, n.6, 743 P.2d 1237 (1976); Johnson v. Morris, 87 Wn.2d 922, 925-26, 557 P.2d 1299 (1976).

Id. at 537.

However, we implicitly rejected this analysis in Morales, 168 Wn. App. 489, when we applied both subsections (i) and (ii) to determine which offenses counted toward a felony DUI offender score. Morales was being sentenced for felony DUI committed in December 2009. He had seven prior convictions which qualified as "'serious traffic offenses'" under the statutory definition. Id. at 493-94.[8] Four of these convictions occurred more than ten years prior to his 2009 date of arrest. Id. At issue was which, if any of these four convictions washed out.

We determined first that the four convictions did not count under subsection (2)(e)(ii) because they were more than ten years old. Id. at 494. We next determined whether the four convictions counted under subsection (2)(e)(i). We explained that, in order for a conviction to count under subsection (2)(e)(i), less than five years must elapse between the date of conviction or the last date of confinement for that offense and any subsequent offense. Id. at 496. In the case of Morales' four convictions, nine years had passed between the last of the four convictions at issue (from April 1992) and Morales' next qualifying offense (from April 2001). "This gap require[d] a washout of all Morales's convictions" prior to April 1992. Id.

---

[8] "Under [former] RCW 9.94A.030(43),[(2008)] serious traffic offense means '(a) Nonfelony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502), nonfelony actual physical control while under the influence of intoxicating liquor or any drug (RCW 46.61.504), reckless driving (RCW 46.61.500), or hit-and-run an attended vehicle (RCW 46.52.020(5)) . . . .'" Morales, 168 Wn. App. at 494 n.11.

In the present case, Sandholm has six DUIs with disposition dates on May 28, 2008; April 12, 2007; February 5, 2005; December 27, 2000; June 23, 1999; and June 12, 1998. CP at 1666. None of these offenses, which are qualifying "serious traffic offenses" under RCW 9.94A.030(44)(a) (2008), are separated by a five-year period between the entry of judgment and sentence on one DUI and commission of the next. Accordingly, under Morales, Sandholm's 1998 and 1999 DUIs were properly counted under former RCW 9.94A.525(2)(e)(i) (2008).

Sentence

Finally, Sandholm asserts that the trial court committed error when it imposed a combined term of community custody and incarceration which exceeds the 60-month maximum sentence under the Sentencing Reform Act (SRA). Resolution of this issue requires interpretation of a statute. We review de novo. Okeson, 150 Wn.2d at 548-49.

The State concedes that the trial court erred when it sentenced Sandholm to a combined term of incarceration and community custody that exceeds the statutory maximum. Sandholm's offense is a class C felony with a statutory maximum of 60 months of incarceration. See RCW 46.61.502(6); RCW 9A.20.021(1)(c). RCW 9.94A.701(3)(a) authorizes a community custody term of twelve months. Based on an offender score of eight, the trial court sentenced Sandholm to sixty months of confinement and twelve months of community custody. These terms together exceeded the sixty-month statutory maximum for the offense. The trial court included a notation on the judgment and sentence

stating that the total term of confinement and community custody could not exceed the statutory maximum. But this notation does not comply with statutory requirements. See RCW 9.94A.701(9); State v. Boyd, 174 Wn.2d 470, 472, 275 P.3d 321 (2012). Under RCW 9.94A.701(9), the term of community custody "shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime."

Because the sentencing court also erred in calculating Sandholm's offender score, the remedy for this error is not to strike the term of community custody. Rather, we remand for resentencing with the correct offender score and admonish the trial court that the combined term of incarceration and community custody may not exceed the sixty-month statutory maximum for felony DUI.

Remand.

WE CONCUR:

Spearman, A.C.J.

Cox, J.