FILED
COURT OF APPEALS
DIVISION II

2015 AUG 18 AM 9: 01

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46072-6-II |
| Respondent, | |
| v. | |
| JOEL DUANE McANINCH, | Consolidated with: |
| Appellant. | |
| In re the Personal Restraint Petition of | No. 46668-6-II |
| JOEL DUANE McANINCH, | |
| Petitioner. | PUBLISHED OPINION |

LEE, J. — Joel Duane McAninch appeals the trial court's denial of his CrR 7.8 motion for relief from judgment, arguing that the sentencing court miscalculated the offender score for his 2013 felony conviction for driving under the influence (DUI). In his pro se statement of additional grounds (SAG) and his consolidated personal restraint petition, McAninch also challenges the offender score supporting his sentence for a 2011 felony DUI conviction.

Because the sentencing court did not err in including points for McAninch's 2004 conviction for attempting to elude and his active community custody status in his 2013 offender score, the trial court did not abuse its discretion in denying his CrR 7.8 motion. We do not address the SAG challenge to the 2011 judgment and sentence because it is untimely and beyond the scope

of this appeal. And, because McAninch has served the term of confinement imposed in 2011, we deny his personal restraint petition as moot. Accordingly, we affirm the trial court's order denying relief under CrR 7.8 and deny the personal restraint petition.

FACTS

On March 7, 2013, McAninch pleaded guilty to felony DUI and three gross misdemeanors: first degree driving while license suspended, third degree malicious mischief, and first degree criminal trespass. McAninch's offender score of 6 included one point for a 2004 attempting to elude conviction, one point for a prior felony DUI conviction, three points for prior nonfelony DUI convictions, and one point because McAninch was on community custody at the time of his current offenses.

At his sentencing on March 12, the trial court addressed McAninch: "You're a really, really dangerous individual. We sent you to prison and you lasted about two months before you were driving drunk again." Verbatim Report of Proceedings (Mar. 12, 2013) at 7. The trial court imposed a high-end sentence of 54 months on the felony DUI and suspended most or all of the 364-day sentences on each of the gross misdemeanors.

On January 23, 2014, McAninch filed a pro se CrR 7.8 motion for relief from judgment in which he sought resentencing on his 2013 felony DUI conviction. McAninch argued that the trial court erred in including his 2004 conviction for attempting to elude in his offender score and cited authority supporting his argument. After a brief hearing on the motion, the trial court concluded that McAninch's offender score was correct.

McAninch appealed that ruling and filed a personal restraint petition that challenged his 2013 offender score as well as the offender score in his 2011 judgment and sentence for felony DUI. He then submitted a SAG raising the same offender score challenges. At his request, we consolidated the appeal and the personal restraint petition. We first address his direct appeal and then turn to his personal restraint petition.

## ANALYSIS

### A.     STANDARD OF REVIEW

A trial court may relieve a defendant from a final judgment because of mistake, inadvertence, fraud, a void judgment, or for any other reason justifying relief. CrR 7.8(b); *State v. Gomez-Florencio*, 88 Wn. App. 254, 258, 945 P.2d 228 (1997), *review denied*, 134 Wn.2d 1026 (1998). A trial court has jurisdiction under CrR 7.8 to correct an erroneous sentence. *State v. Hardesty*, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996). We review the trial court's decision on a CrR 7.8 motion for abuse of discretion. *Gomez-Florencio*, 88 Wn. App. at 258. A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A decision is based on untenable grounds if it is based on an erroneous view of the law. *State v. Slocum*, 183 Wn. App. 438, 449, 333 P.3d 541 (2014).

### B.     OFFENDER SCORE CALCULATION

McAninch argues that the trial court abused its discretion in denying his CrR 7.8 motion because his sentence was erroneous. McAninch contends that the sentencing court incorrectly

3

applied the offender score rules set forth in the Sentencing Reform Act of 1981 (SRA). We disagree.

The statute that applies to McAninch's sentence is former RCW 9.9A.525 (2011).[1] Our objective in interpreting this statute is to ascertain and carry out the legislature's intent. *State v. Kintz*, 169 Wn.2d 537, 547, 238 P.3d 470 (2010). We first look to the statute's plain meaning to determine legislative intent. *State v. Polk*, __Wn. App. ___, 348 P.3d 1255, 1260 (2015). Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. *State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008). In discerning the plain meaning of a statute, we consider all that the legislature has said in the statute and related statutes that disclose legislative intent. *State v. Winkle*, 159 Wn. App. 323, 328, 245 P.3d 249 (2011), *review denied*, 173 Wn.2d 1007 (2012). Interpretations rendering any portion of a statute meaningless should not be adopted, and we avoid constructions that result in unlikely or absurd results. *State v. Keller*, 143 Wn.2d 267, 277, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002).

RCW 9.94A.525(11) sets forth the calculation of an offender score for a felony traffic offense: "for each felony offense count one point for each adult and 1/2 point for each juvenile prior conviction." *See State v. Rodriguez*, 183 Wn. App. 947, 955 n.4, 335 P.3d 448 (2014) (citing RCW 9.94A.525(11) in referring to SRA rules for calculating offender scores), *review denied*, 182 Wn.2d 1022 (2015).

---

[1] Some subsections of RCW 9.94A.525 have been amended since 2011 but others have not. In discussing the subsections individually, we refer only to those that have been amended as "former."

Despite this seemingly unambiguous directive, McAninch argues that former RCW 9.94A.525(2)(e) controls the calculation of the offender score for his felony DUI conviction, not RCW 9.94A.525(11). Former subsection (2)(e) states:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)), prior convictions of felony driving while under the influence of intoxicating liquor or any drug, felony physical control of a vehicle while under the influence of intoxicating liquor or any drug, and serious traffic offenses shall be included in the offender score if: (i) The prior convictions were committed within five years since the last date of release from confinement (including full-time residential treatment) or entry of judgment and sentence; or (ii) the prior convictions would be considered "prior offenses within ten years" as defined in RCW 46.61.5055.

Former RCW 9.94A.525(2)(e). McAninch asserts that this provision shows that the only prior convictions that can be included in an offender score for felony DUI are those it expressly identifies (i.e., felony DUI, felony physical control of a vehicle while under the influence of liquor or drugs, and serious traffic offenses[2]).

As support for his argument, McAninch cites *State v. Jacob*, 176 Wn. App. 351, 308 P.3d 800 (2013) and *State v. Morales*, 168 Wn. App. 489, 278 P.3d 668 (2012). In *Morales*, Division One held that when calculating a defendant's offender score for felony DUI, the only relevant offenses are those listed in former RCW 9.94A.525(2)(e). 168 Wn. App. at 493. Consequently, the *Morales* court held that the defendant's prior assault conviction could not be considered in calculating his offender score. *Id.* at 497-98. In *Jacob*, this court relied on *Morales* in concluding

---

[2] Serious traffic offenses include nonfelony DUI, nonfelony physical control, reckless driving, and hit-and-run of an attended vehicle. Former RCW 9.94A.030(44) (2012).

5

that the trial court erred in including the defendant's prior drug conviction in his offender score for felony DUI. 176 Wn. App. at 360. The *Jacob* court so held because drug convictions were not among the offenses listed for offender score inclusion in former RCW 9.94A.525(2)(e).[3] *Id.*

Neither *Morales* nor *Jacob* cited RCW 9.94A.525(11) and the fact that subsection (11) directly addresses offender score calculations for felony traffic offenses. In relying exclusively on former RCW 9.94A.525(2)(e) to determine an offender score for felony DUI, both *Morales* and *Jacob* effectively read subsection (11) out of the statute and failed to consider the statute as a whole.

As Division Three recently noted, *Morales* and *Jacob* overlooked other provisions of RCW 9.94A.525, as well as the overall purpose of the statute. *State v. Hernandez*, 185 Wn. App. 680, 686, 342 P.3d 820 (2015). The *Hernandez* court observed that offender scores are calculated in

---

[3] McAninch committed his current DUI on January 11, 2013. In an amendment that took effect on September 28, 2013, the legislature revised subsection (2)(e) as follows:

> If the present conviction is felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)), all predicate crimes for the offense as defined by RCW 46.61.5055(14) shall be included in the offender score, and prior convictions for felony driving while under the influence of intoxicating liquor or any drug (RCW 46.61.502(6)) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug (RCW 46.61.504(6)) shall always be included in the offender score. *All other convictions of the defendant shall be scored according to this section.*

LAWS OF 2013, 2d Spec. Sess., ch. 35, § 8 (emphasis added). This amendment, which clearly states that all of a defendant's prior convictions are considered in calculating his offender score, contravenes the construction placed on the original statute by *Morales* and *Jacob* and thus does not apply retroactively. *State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237, 749 P.2d 160 (1988).

three steps: "'(1) identify all prior convictions; (2) eliminate those that wash out; (3) 'count' the prior convictions that remain in order to arrive at the offender score.'" 185 Wn. App. at 684 (quoting *State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010)).

RCW 9.94A.525(2) addresses the second step. *Hernandez*, 185 Wn. App. at 686; *see State v. Smith*, 137 Wn. App. 431, 439, 153 P.3d 898 (2007) (referring to RCW 9.94A.525(2) as "the wash out provision"). Subsection (2)(a) provides that class A and sex felonies never wash out, subsection (2)(b) provides that class B felonies other than sex offenses wash out after the offender spends 10 crime-free years in the community, and subsections (2)(c) and (d) provide that class C felonies and serious traffic offenses wash out after the offender spends five crime-free years in the community, except as provided in former subsection (2)(e). *Hernandez*, 185 Wn. App. at 686. Former subsection (2)(e) thus acts as an exception to the wash out provisions in subsections (2)(c) and (d) by reviving certain offenses that would wash out in those subsections, but only where the current conviction is for felony DUI or felony physical control. *Id.*

In addition to rendering subsection (11) meaningless, construing RCW 9.94A.525 so that the provisions in former subsection (2)(e) control the offender score analysis for a felony DUI leads to other "strained and absurd results." *Id.* RCW 9.94A.525(2)(a) provides that class A and sex felonies never wash out. Excluding class A and sex felonies from an offender score for a felony DUI is an absurd result that also renders subsection (2)(a) meaningless. *Id.*

Furthermore, one purpose of the SRA is to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history."

RCW 9.94A.010(1). Excluding a prior conviction that does not wash out under former subsection (2)(e) leads to an inaccurate reflection of the defendant's criminal history.

The *Hernandez* court declined to follow *Morales* and *Jacob* and held that all of the defendant's prior offenses, including convictions for robbery and forgery, were properly included in the offender score for his felony DUI conviction. 185 Wn. App. at 682-83. We likewise reject the offender score analysis in *Morales* and *Jacob* and hold that former subsection (2)(e) must be read in conjunction with the rest of RCW 9.94A.525, including all of subsection (2) and subsection (11), to adhere to the purposes and intent of the SRA. McAninch's 2004 conviction for attempting to elude did not wash out under former RCW 9.94A.525(2)(e) and counted as one point toward his offender score. [4] RCW 9.94A.525(11); *see also* CASELOAD FORECAST COUNCIL, 2014 WASHINGTON STATE ADULT SENTENCING GUIDELINES MANUAL 329, http://www.cfc.wa.gov/PublicationSentencing/SentencingManual/Adult_Sentencing_Manual_20 14.pdf. We affirm the trial court's denial of McAninch's CrR 7.8 motion.

C.    SAG ISSUES

McAninch raises two issues in his SAG. The first challenges the calculation of his 2013 offender score. In addition to arguing that the trial court should not have included a point for his 2004 attempting to elude conviction, which we addressed above, McAninch contends that the trial court erred in adding a point due to his community custody status at the time of his offenses.

---

[4] There was no wash because of McAninch's 2007 and 2009 DUI convictions. Former RCW 9.94A.525(2)(e).

McAninch bases this contention on his mistaken assumption that former RCW 9.94A.525(2)(e) governs his offender score calculation.

RCW 9.94A.525(19) provides that courts should add a point to an offender score if "the present case is for an offense committed while the offender was under community custody." The wash provisions in former RCW 9.94A.525(2)(e) do not affect this directive, and we reject McAninch's claim of error.

McAninch's SAG also challenges the offender score underlying his 2011 sentence for felony DUI. This challenge is beyond the scope of his notice of appeal, which addresses only the 2013 CrR 7.8 ruling. *See* RAP 2.4(a) (appellate court will review decision designated in notice of appeal). The challenge also is untimely. *See* RAP 5.2(a) (notice of appeal generally must be filed within 30 days after entry of decision that party wants reviewed). Although we decline to consider this issue as part of McAninch's direct appeal, we address it below in the context of his personal restraint petition.

D.     Personal Restraint Petition

McAninch argues in his petition that his 2011 judgment and sentence for felony DUI is invalid on its face because his offender score improperly includes his 2004 conviction for attempting to elude.

A personal restraint petition challenging a judgment and sentence generally must be filed within one year after the judgment becomes final. RCW 10.73.090(1). McAninch's 2011 judgment and sentence became final when the trial court entered it on April 19, 2011. RCW 10.73.090(3)(a). McAninch filed his petition after the one-year time limit expired, but he argues

that the petition is exempt from the time bar because his judgment and sentence is invalid on its face. RCW 10.73.090(1).

The State responds that the petition is moot. We agree. At the time of his current 2013 convictions, McAninch had completed his 2011 term of confinement. Even if McAninch's 2011 sentence was excessive, which we do not concede, we may not order the trial court to credit the extra period of confinement against his remaining term of community custody. *State v. Jones*, 172 Wn.2d 236, 247-49, 257 P.3d 616 (2011). Because there is no longer any meaningful relief from the alleged offender score error that we can provide, we must deny this petition as moot. *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983).

We affirm the trial court's order denying relief under CrR 7.8 and deny the personal restraint petition.

Lee, J.

We concur:

Maxa, P.J.

Sutton, J.

10