IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84225-1-1 |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MELVIN JOHNSON, | |
| Appellant. | |

BOWMAN, J. — Melvin Johnson appeals an order vacating his conviction for possessing cocaine. Johnson argues that the trial court violated his constitutional rights by failing to rule on his motion to proceed pro se. We dismiss his appeal as moot.

FACTS

In 1996, Johnson pleaded guilty to one count of unlawful possession of cocaine. In February 2021, our Supreme Court held that the law criminalizing the possession of drugs was unconstitutional and void. State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). As a result, in June 2021, Johnson filed a pro se "Motion for Relief from Judgment" to vacate his conviction.

The King County Department of Public Defense appointed an attorney to represent Johnson. In August 2021, his attorney filed a notice of appearance and requested discovery. The following February, Johnson moved to discharge counsel and asked the court to set a hearing for March 21, 2022. The court did

not respond to Johnson's motion or request for a hearing. On May 27, 2022, Johnson again moved to discharge counsel and asked that the court set a hearing for June 28, 2022.

Meanwhile, on May 19, 2022, the State moved to vacate Johnson's conviction. Johnson's attorney joined the motion. That day, the court granted the joint motion to vacate and entered an order vacating Johnson's conviction and refunding his legal financial obligations.

Johnson appeals.

ANALYSIS

Johnson argues that the trial court's failure to rule on his motions to discharge his attorney violated his due process rights and right to self-representation under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington Constitution. The State says the issue is moot. We agree with the State.

An issue is moot when the court can no longer provide meaningful relief. State v. McAninch, 189 Wn. App. 619, 629, 358 P.3d 448 (2015) (citing In re Det. of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983)). A court cannot provide meaningful relief if the petitioner presents "a question that is purely academic." State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). So, it is too late for the court to provide an effective remedy when the petitioner presents "questions that are no longer in controversy." Id. at 616-17.

Here, Blake compelled the trial court to grant the State's motion and vacate Johnson's conviction because the crime Johnson pleaded guilty to is now

unconstitutional and void. See State v. French, 21 Wn. App. 2d 891, 895-96, 508 P.3d 1036 (2022) (" '[a]n unconstitutional law is void, and is as no law' ")[1] (quoting Montgomery v. Louisiana, 577 U.S. 190, 204, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)). While the trial court did not rule on Johnson's motions to discharge counsel, it still provided him with the relief he requested in his June 2021 Motion for Relief from Judgment. And even if we vacated the trial court's order and remanded the case for a new hearing where Johnson represents himself, the result would be the same—an order vacating his conviction. As a result, the question is merely academic and the issue is moot.

Still, we may review moot claims if the issue is one of continuing and substantial public interest. State v. Beaver, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). In evaluating whether an issue is of continuing and substantial public interest, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood that the issue will recur. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).

Johnson argues that his claim amounts to a matter of continuing and substantial public interest because the court did not rule on his two motions to discharge counsel, so it "triggers the broader issue of whether a trial court is free to ignore a valid request for self-representation." But adequate guidance already exists about a court's obligation to exercise its discretion and rule on pending motions. See, e.g., State v. Stearman, 187 Wn. App. 257, 270, 348 P.3d 394

---

[1] Alteration in original; internal quotation marks omitted.

(2015) (a trial court abuses its discretion when it fails to exercise its discretion); State v. O'Dell, 183 Wn.2d 680, 697, 358 P.3d 359 (2015) (the failure to exercise discretion is itself an abuse of discretion). And we are not persuaded that this is an issue likely to recur.

Because Johnson's issue is moot and does not involve matters of continuing and substantial public interest, we dismiss his appeal.

_____, J

WE CONCUR:

_____, J.    _____, J.