

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38853-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRANDON JAMES JAHR, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Brandon Jahr appeals a trial court order amending his judgment and sentence to include a statutorily-required term of community custody. We affirm.

FACTS

The State charged Brandon Jahr with one count of felony violation of a no-contact order. Due to his offender score, the standard range for this charge was exactly 60 months. In exchange for a guilty plea, the State offered to drop other charges and to recommend an exceptional downward sentence of 36 months' confinement. Mr. Jahr accepted this deal. He signed a statement on plea of guilty explaining he understood the State would recommend 36 months' confinement and 12 months' community custody.

At his plea hearing, Mr. Jahr affirmed he had reviewed all the provisions of this document in detail before signing it, agreed that he had had an opportunity to ask his attorney questions about the contents of the statement, and expressly affirmed that the plea agreement included a term of community custody.

After the court accepted Mr. Jahr's plea, the prosecutor orally recommended 36 months' confinement and *no* community custody. The prosecutor informed the court that the State was not requesting community custody because it believed Mr. Jahr's crime did not carry a term of community custody. The trial court imposed the parties' agreed-upon sentence of 36 months' confinement and heeded the prosecutor's recommendation, declining to set a term of community custody.

In the following months, the Department of Corrections (DOC) informed local prosecutors that Mr. Jahr's conviction required 12 months of community custody because it was a "'crime against persons.'" Clerk's Papers at 196 (quoting RCW 9.94A.701(3)). In March 2021, the State successfully moved ex parte for an order purporting to amend Mr. Jahr's sentence to include 12 months of community custody as required by statute. Mr. Jahr was never notified of the State's initial motion to amend his sentence. When Mr. Jahr learned of the State's efforts to amend his sentence, he objected and stated his desire to withdraw his plea.

Because Mr. Jahr had been provided no advance notice or chance to respond, the trial court granted the State's motion to vacate the order amending Mr. Jahr's sentence. The trial court then appointed counsel for Mr. Jahr and set a briefing schedule on the State's renewed motion to amend the sentence and Mr. Jahr's previously filed pro se motions to withdraw his guilty plea.

The court then held a hearing on the State's renewed motion to amend Mr. Jahr's sentence. The prosecutor asked the court to amend Mr. Jahr's sentence in line with the statutory mandate and explained the representation at sentencing, that community custody was inapplicable, "was an oversight on my part. That was an error." Rep. of Proc. (RP) (Jan. 10, 2022) at 63. Mr. Jahr's counsel responded that the court had "leeway" to impose no community custody because it had entered an exceptional sentence. *Id.* at 65.

The trial court granted the State's motion to amend Mr. Jahr's sentence. The court reasoned that community custody was mandatory in Mr. Jahr's case based on the relevant statute's use of the word "shall." *Id.* at 69 (quoting RCW 9.94A.701(3)(a)). The court also rejected the idea Mr. Jahr did not receive the benefit of his bargain, because Mr. Jahr had affirmed at the plea hearing that he understood the prosecution would recommend community custody.

The trial court also denied Mr. Jahr's motion to withdraw his plea, again reasoning "Mr. Jahr knew full well that what he was agreeing to involved a period of community custody" based on his explicit statements at the plea and sentencing hearing. RP (Apr. 11, 2022) at 105-06.

The court memorialized both rulings in written orders. Mr. Jahr timely appeals from both the order denying the motion to withdraw the plea and order granting the motion to amend the judgment and sentence. In his briefing to this court, Mr. Jahr has narrowed his appeal to the court's order amending the judgment and sentence.

ANALYSIS

We review the correction of an erroneous sentence for abuse of discretion. *See State v. McAninch*, 189 Wn. App. 619, 623, 358 P.3d 448 (2015). A trial court abuses its discretion if its decision is based on untenable grounds or reasons or is otherwise manifestly unreasonable. *See id.*

Pursuant to his plea, Mr. Jahr was convicted of violating a domestic violence no-contact order, criminalized under former RCW 26.50.110(1)(a)(i) (2019). This is a "crime against persons." *See* RCW 9.94A.411(2)(a). As such, the trial court was required to sentence Mr. Jahr to one year of community custody. *See* RCW 9.94A.701(3)(a) ("A court *shall*, in addition to the other terms of the sentence, sentence an offender to

community custody for one year when the court sentences the person . . . for . . . [a]ny crime against persons under RCW 9.94A.411." (emphasis added)). Given this legal landscape, the trial court clearly erred when it followed the prosecutor's mistaken advice that community custody did not apply.

The rules of criminal procedure allow either "party" to file a motion with the trial court to "relieve" the parties "from a final judgment" for several reasons, including "[m]istakes", "inadvertence", or "[a]ny other reason justifying relief." CrR 7.8(b)(1), (5). Thus, the State properly moved for—and the court properly granted—an amendment to Mr. Jahr's sentence because the prosecutor had inadvertently misled the court as to the applicability of community custody, which was in fact mandatory for the crime to which Mr. Jahr pleaded guilty. *See McAninch*, 189 Wn. App. at 623 ("A trial court has jurisdiction under CrR 7.8 to correct an erroneous sentence." (citing *State v. Hardesty*, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996))).

Mr. Jahr argues the State's efforts to amend his sentence were untimely because the State's renewed motion was more than 90 days after the DOC became aware of his sentence. This argument fails. As an initial matter, the State's initial ex parte efforts to amend Mr. Jahr's sentence took place well within 90 days of his sentencing. And the

State's renewed motion came just five days after the trial court vacated its initial order amending the sentence.

More crucially, both the statute and court rule imposing a 90-day deadline pertain to postsentence review petitions addressed directly to this court. *See* RCW 9.94A.585(7); RAP 16.18(b). When a party petitions the trial court for amendment of a sentence, by contrast, such a motion need only be "made within a reasonable time," and if the reason for amending the judgment is a mistake or inadvertence, the motion must be made within one year of the judgment. CrR 7.8(b); *see also* RCW 9.94A.585(7) (contemplating that when an offender's sentence contains an "error[ ] of law," the DOC shall make "reasonable efforts to resolve the dispute *at the superior court level*" before petitioning this court (emphasis added)); RAP 16.18(a), (d) (similar). The State's efforts to correct Mr. Jahr's erroneous sentence were timely under CrR 7.8, the court rule properly governing this situation.

Mr. Jahr argues the trial court lacked jurisdiction because trial courts have no "inherent authority" to modify a sentence postjudgment. *State v. Murray*, 118 Wn. App. 518, 524, 77 P.3d 1188 (2003) (citing *State v. Shove*, 113 Wn.2d 83, 89, 776 P.2d 132 (1989)). This contention also misses the mark. Mr. Jahr is correct that a trial court has no *inherent* authority to modify a sentence postjudgment. But the trial court here did not

6

purport to exercise its inherent authority. It properly purported to correct an error of law in Mr. Jahr's sentence, a process explicitly contemplated by statute and court rule. *See* RCW 9.94A.585(7); RAP 16.18(b); CrR 7.8(b); *see also State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008) (noting that while trial courts have "no *inherent* authority" to modify a sentence postjudgment, courts do have "limited *statutory* authority" to do so (emphasis added)).

Mr. Jahr also contends his original sentence was not erroneous in the first place, because the trial court had discretion to impose an exceptional sentence excluding community custody. *See In re Postsentence Review of Smith*, 139 Wn. App. 600, 603, 161 P.3d 483 (2007) ("[T]rial courts may impose exceptional terms of community custody."); *see also State v. Hudnall*, 116 Wn. App. 190, 197, 64 P.3d 687 (2003) ("[W]hen a statute authorizes community custody, trial courts may impose community custody terms longer or shorter than the amount set by statute as long as the overall sentence does not exceed the statutory maximum."). This argument is unavailing.

Mr. Jahr is correct that trial courts may sometimes impose a term of community custody that deviates from the duration prescribed by statute. But here, the trial court did not impose an exceptionally short or long term of community custody. Rather, it imposed no community custody at all, ignoring the legislature's clear mandate.

No. 38853-1-III
*State v. Jahr*

*See* RCW 9.94A.701(3)(a) ("A court *shall* . . . sentence an offender to community custody . . . ."). Furthermore, the court's decision to forego community custody was not based on the desire to impose an exceptional sentence, it was grounded in a mistaken understanding of the law. This is precisely the type of scenario that the court was permitted to remedy under CrR 7.8.

## CONCLUSION

The order amending judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                                     Lawrence-Berrey, J.

8